**ANDREW P. SAULITIS (AS8047)**
**LAW OFFICES OF**
**ANDREW P. SAULITIS P.C.**
Attorneys for Defendants
  Nelson Luriano, Margaret
  Spaniolo, Maria Loccisano
  and Bergdorf Goodman, Inc.
555 Madison Avenue
New York, New York 10022-3301
(212) 459-0900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

**FRANK CRETELLA,**

                    Plaintiff,

          -against-

                                        08 CV 1566 (LTS)

**NELSON LURIANO,**
**MARGARET SPANIOLO,**
**MARIA LOCISANO** and
**BERGDORF GOODMAN, INC.,**

                    Defendants.

------------------------------------x

                        <u>**ANSWER**</u>

        Defendants Nelson Luriano, Margaret Spaniolo, Maria

Loccisano and Bergdorf Goodman, Inc.,[1] by their attorneys the Law

Offices of Andrew P. Saulitis P.C., answering the complaint, aver

as follows.

        1.  Plaintiff's employment as a Sales Associate was

---

[1]The respective individual defendants answer on personal
knowledge as to those averments that refer to them individually.  As
to other averments, they answer upon information and belief or
otherwise are without knowledge or information sufficient to form a
belief as to the truth of such other averments.

terminated by Bergdorf Goodman, Inc. due to his persistent, documented failures in major performance categories, including Teamwork/Operational, Interpersonal/Professionalism and Client Development, despite numerous warnings. Defendants categorically deny that plaintiff's race (white) or his age (52-55 during his employment) was a factor in the termination of his employment, or that he was discriminated against in any way.

2.    Defendants deny the averments of paragraph 1 of the complaint except admit that plaintiff purports to assert claims under the laws referred to, albeit without basis.

3.    Paragraph 2 of the complaint contains purported statements and conclusions of law to which defendants are not required to respond; defendants deny any factual basis for invoking the jurisdiction of the court.

4.    Responding to paragraph 3 of the complaint, defendants admit that plaintiff was employed by Bergdorf Goodman, Inc. in the Southern District of New York; defendants deny any unlawful employment practices and otherwise deny the averments of said paragraph.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the complaint.

6.    Defendants are without knowledge or information

sufficient to form a belief as to the truth of the averments of paragraph 5 of the complaint and refer to the papers and record of proceedings filed with respect to Charge of Discrimination No. 520-2007-000116 as filed with the New York District Office of the U.S. Equal Employment Opportunity Commission for the procedural history thereof.

7.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the complaint.

8.    Paragraph 7 of the complaint is improperly pleaded, in violation of Fed. R. Civ. P. 8 and 10(b); defendants admit, upon information and belief, that plaintiff is an adult white male; are without knowledge or information sufficient to form a belief as to plaintiff's residence; admit and aver that plaintiff was employed by Bergdorf Goodman, Inc. from on or about September 15, 2003 through December 7, 2006 as a Sales Associate at the Bergdorf Goodman's Men's Store, primarily in men's furnishings; specifically deny that plaintiff performed in a satisfactory manner; are not required to respond the purported statements and conclusions of law in said paragraph; and deny any other averments in said paragraph.

9.    Defendants deny the averments of paragraph 8 of the complaint except admit and aver, upon information and belief, that plaintiff's date of birth is November 17, 1951 and that,

accordingly, he was 52-55 years of age during his employment at Bergdorf Goodman, Inc. and specifically deny that plaintiff's age was a factor in the termination of his employment or in any aspect of his working environment.

10.   Defendants deny the averments of paragraph 9 of the complaint except admit and aver that plaintiff was employed by Bergdorf Goodman, Inc. as a Sales Associate at its Men's Store.

11.   Defendants deny the averments of paragraph 10 of the complaint except admit and aver that Bergdorf Goodman, Inc. is a corporation incorporated under the laws of the State of New York and that it conducts business at 745 and 754 Fifth Avenue, New York, New York.

12.   Paragraph 11 of the complaint is improperly pleaded, in violation of Fed. R. Civ. P. 8 and 10(b); defendants admit and aver that Bergdorf Goodman, Inc., during the time of plaintiff's employment and thereafter, employed more than eight hundred persons; are not required to respond the purported statements and conclusions of law in said paragraph; and deny any other averments in said paragraph.

13.   Paragraph 12 of the complaint is improperly pleaded, in violation of Fed. R. Civ. P. 8 and 10(b); defendants admit and aver that defendant Nelson Luriano is an adult Hispanic male employed by defendant Bergdorf Goodman, Inc. as a Department

Manager, First Floor, of its Men's Store until February 2004, then as a Group Manager, Second Floor for the Men's Store until November 2006, and then (and currently) as a Director of the Men's Store; are not required to respond the purported statements and conclusions of law in said paragraph; and deny any other averments in said paragraph.

14.  Defendants deny the averments of paragraph 13 of the complaint and specifically deny that defendant Nelson Luriano was plaintiff's direct supervisor/manager when plaintiff's employment was terminated (in December 2006) or during the time period in which plaintiff received his 2007 Sales Associate Evaluation at which overall "Performance deficient" was noted or in which plaintiff received the Preliminary and Final Warnings that led to the termination of plaintiff's employment.  Defendants deny, in any event, that Nelson Luriano, individually, at any time, had the authority to terminate plaintiff's employment.

15.  Paragraph 14 of the complaint is improperly pleaded, in violation of Fed. R. Civ. P. 8 and 10(b); defendants admit and aver that defendant Margaret Spaniolo is an adult white (not Hispanic) female employed by defendant Bergdorf Goodman, Inc. as a Senior Vice President and General Merchandise Manager and, until June 2006 as General Manager of its Men's Store; are not required to respond the purported statements and conclusions of law in said paragraph; and deny any other averments in said

paragraph.  (Plaintiff has erroneously characterized Margaret Spaniolo as Hispanic in charging discrimination.)

16.  Defendants deny the averments of paragraph 15 of the complaint except admit and aver that while defendant Margaret Spaniolo, as a senior manager, could provide input as to personnel decisions regarding plaintiff's (and others') employment with Bergdorf Goodman, Inc.'s Men's Store, as could other managers, but in this case, did not have significant input.

17.  Paragraph 16 of the complaint is improperly pleaded, in violation of Fed. R. Civ. P. 8 and 10(b); defendants admit that during the time of plaintiff's employment and presently defendant Maria Loccisano is an adult white (not Hispanic) female employed by defendant Bergdorf Goodman, Inc. as a Human Resources Manager; are not required to respond the purported statements and conclusions of law in said paragraph; and deny any other averments in said paragraph.  (Plaintiff has erroneously characterized Maria Loccisano as Hispanic in charging discrimination.)

18.  Defendants deny the averments of paragraph 17 of the complaint except admit and aver that defendant Maria Loccisano could provide input as to personnel decisions regarding plaintiff's employment, as could managerial employees and other human resources employees.  Defendants deny, in any event, that Maria Loccisano, individually, at any time had the authority to

terminate plaintiff's employment.

19.  Defendants deny the averments of paragraph 18 of the complaint except admit and aver that on or about September 15, 2003, plaintiff became employed by Bergdorf Goodman, Inc. as a Sales Associate in its Men's Store.

20.  Defendants deny the averments of paragraph 19 of the complaint except admit and aver that after interviews with management and human resources personnel, an offer of employment by Bergdorf Goodman, Inc. was communicated to plaintiff by defendant Maria Loccisano.

21.  Defendants deny the averments of paragraph 20 of the complaint except admit and aver that defendant Nelson Luriano had direct supervisory responsibilities as to plaintiff from the commencement of plaintiff's employment in September 2003 until approximately February 2004.

22.  Defendants deny the averments of paragraph 21 of the complaint except admit and aver that defendant Margaret Spaniolo was a Senior Vice President and General Merchandise Manager and, until June 2006 as General Manager of its Men's Store but did not have direct supervisory involvement as to plaintiff at any time during his employment at Bergdorf Goodman Inc.

23.  Defendants deny the averments of paragraph 22 of the complaint.

24.  Defendants deny the averments of paragraphs 23, 24, 25, 26 and 27 of the complaint.

25.  Defendants deny the averments of paragraph 28 of the complaint except are without knowledge or information sufficient to form a belief as to whether and to what extent, if at all, plaintiff sought a "promotion" during his employment by Bergdorf Goodman, Inc.

26.  Defendants deny the averments of paragraph 29 of the complaint except admit and aver that on or about September 5, 2005, plaintiff was issued a "PRELIMINARY WARNING" based on his failure to meet various performance standards for his 2005 review period, to which reference is made for a statement of the failures noted, which was one of numerous warnings plaintiff received during his employment.

27.  Defendants deny the averments of paragraph 30 of the complaint except admit and aver that on or about September 16, 2006, plaintiff was issued a "PRELIMINARY WARNING" based on his failure to meet various performance standards for his 2006 review period, to which reference is made for a statement of the failures noted, which was another one of numerous warnings plaintiff received during his employment, ultimately leading to his termination.

28.  Defendants deny the averments of paragraph 31 of the

complaint.

29.   Defendants deny the averments of paragraph 32 of the complaint and aver that plaintiff was required to punch a clock for his hours of employment and otherwise report his hours and that to the extent he did so, he was fully compensated for such hours.

30.   Defendants deny the averments of paragraph 33 of the complaint except admit and aver that plaintiff's employment was terminated on or about December 7, 2006.

31.   Defendants deny the averments of paragraph 34 of the complaint or that there was a "hostile work environment on account of [plaintiff's] race" or any other discriminatory conduct.

32.   Defendants deny averments of paragraph 35 of the complaint or that vacation time is accorded on the basis of age, which it was not, nor was the amount of vacation a factor in determining "Sales Per Hour."

33.   Responding to paragraph 36 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

34.   Defendants deny the averments of paragraphs 37 and 38 of the complaint.

35.    Responding to paragraph 39 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

36.  Defendants deny the averments of paragraphs 40 and 41 of the complaint.

37.  Responding to paragraph 42 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

38.  Defendants deny the averments of paragraphs 43 and 44 of the complaint.

39.    Responding to paragraph 45 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

40.  Defendants deny the averments of paragraphs 46, 47 and 48 of the complaint.

41.  Responding to paragraph 49 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

42.  Defendants deny the averments of paragraphs 50, 51 and 52 of the complaint.

43.    Responding to paragraph 53 of the complaint,

defendants incorporate by reference their responses above to the paragraphs referred to.

44.   Defendants deny the averments of paragraphs 54, 55 and 56 of the complaint.

45.   Responding to paragraph 57 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

46.   Defendants deny the averments of paragraphs 58, 59 and 60 of the complaint.

47.    Responding to paragraph 61 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

48.   Defendants deny the averments of paragraphs 62, 63 and 64 of the complaint.

49.   Responding to paragraph 65 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

50.   Defendants deny the averments of paragraphs 66, 67 and 68 of the complaint.

51.    Responding to paragraph 69 of the complaint, defendants incorporate by reference their responses above to the

paragraphs referred to.

52.  Defendants deny the averments of paragraph 70 of the complaint.

53.  Responding to paragraph 71 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

54.  Defendants deny the averments of paragraphs 72 of the complaint.

55.   Responding to paragraph 73 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

56.  Defendants deny the averments of paragraphs 74, 75 and 76 of the complaint.

57.  Responding to paragraph 77 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

58.  Defendants deny the averments of paragraphs 78, 79 and 80 of the complaint.

59.   Responding to paragraph 81 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

60.  Defendants deny the averments of paragraphs 82, 83 and 84 of the complaint.

61.  Responding to paragraph 85 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

62.  Defendants deny the averments of paragraphs 86, 87 and 88 of the complaint.

63.  Responding to paragraph 89 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

64.  Defendants deny the averments of paragraphs 90 of the complaint.

65.   Responding to paragraph 91 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

66.  Defendants deny the averments of paragraph 92 of the complaint.

67.  Responding to paragraph 93 of the complaint, defendants incorporate by reference their responses above to the paragraphs referred to.

68.  Defendants deny the averments of paragraphs 94, 95

and 96 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

69.  Neither plaintiff's race nor his age--nor any other characteristic other than his work performance--was a consideration in the termination of his employment nor in any other aspect of his employment with defendant Bergdorf Goodman, Inc.

## SECOND AFFIRMATIVE DEFENSE

70.  The non-discriminatory reasons for the termination of plaintiff's employment by Bergdorf Goodman, Inc. included, without limitation:

a.  Despite multiple negative annual reviews and "Preliminary" warnings, and a "Final Warning" given on October 19, 2006, plaintiff continued in his failure to perform satisfactorily in the "Teamwork/Operational" category of performance criteria in that he failed to assist his colleagues to ensure the entire sales floor was clean before leaving for the day; he failed to maintain his daily stock assignment, leaving multiple styles of items that were not represented on the floor despite continued reminders to complete his assignments.

b.  Despite multiple negative reviews and "Preliminary" warnings, and a "Final Warning" given on October

19, 2006, plaintiff continued in his failure to perform satisfactorily in the "Interpersonal/Professionalism" category of performance criteria in that his demeanor on the sales floor had not improved, in that he continued to exhibit a negative attitude that was visible to clients and in that he did not foster teamwork on the selling floor.

c.    Despite multiple negative reviews and "Preliminary" warnings, and a "Final Warning" given on October 19, 2006, plaintiff continued to fail to perform satisfactorily in the "Client Development" category of performance criteria in that he failed to comply with Bergdorf Goodman, Inc.'s correspondence policy to clients, in particular the requirements and standards for sending personalized, handwritten "thank you" cards to clients, and as to cards he did send, they were merely pro forma and photocopied and sent out en masse (including 78 such "cards" in September 2006), and in that he failed to achieve the clientele objectives (involving obtaining contact information and addresses from clients) and e-mail contact goals assigned to him; and

d.    Otherwise failed to meet the performance standards as discussed in his 2006 annual review noting deficient performance, and warnings given in connection therewith.

### THIRD AFFIRMATIVE DEFENSE

71.    Plaintiff was terminated on the basis of persistently unsatisfactory performance in key areas of his job, and not for any discriminatory reason.

### FOURTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims, or some of them, are barred by the applicable statute(s) of limitations.

### FIFTH AFFIRMATIVE DEFENSE

73.    Under 42 U.S.C. § 2000e-5(e)(1), Title VII claims must be filed with the U.S. Equal Employment Opportunity Commission (EEOC) (or dual-filed with the New York State Division of Human Rights) within 300 days of the alleged discriminatory act(s).

74.    Upon information and belief, plaintiff filed his Title VII claims against defendant Bergdorf Goodman, Inc. with the EEOC on or about November 18, 2006, which was more than 300 days after discriminatory acts alleged in the complaint.

75.    Therefore any claims arising from acts prior to January 22, 2006 are time-barred under 42 U.S.C. § 2000e-5(e)(1).

## SIXTH AFFIRMATIVE DEFENSE

76.   Under 29 U.S.C. § 626(d), charges under the Age Discrimination in Employment Act (29 U.S.C. §§ 621-634) (ADEA) must be filed with the U.S. Equal Opportunity Commission (EEOC) (1) within 180 days after the alleged unlawful practice occurred; or (2) in a case to which section 633(b) of Title 29 applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

77. Upon information and belief, plaintiff filed his ADEA claims against defendant Bergdorf Goodman, Inc. with the EEOC on or about November 18, 2006, which was more than 300 days after discriminatory acts alleged in the complaint.

78.   Therefore any claims arising from acts prior to January 22, 2006 are time-barred under 29 U.S.C. § 626(d).

## SEVENTH AFFIRMATIVE DEFENSE

79.   Any claims for intentional infliction of emotional distress are barred by the applicable (one-year) statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

80.   Claims against the individual defendants are time-barred under 42 U.S.C. § 2000e-5(e)(1) (in addition to being

substantively deficient).

### NINTH AFFIRMATIVE DEFENSE

81.  Plaintiff did not file any charge of discrimination against any of the individual defendants with the EEOC or any other agency, timely or otherwise.

82.  The individual defendants do not have an identity of interest with defendant Bergdorf Goodman, Inc.

83.  Plaintiff is therefore barred from bringing any claims under Title VII/ADEA against the individual defendants.

### TENTH AFFIRMATIVE DEFENSE

84. The individual defendants lack capacity to be sued.

### ELEVENTH AFFIRMATIVE DEFENSE

85.  Plaintiff did not file a complaint with the New York City Human Rights Commission (NYCHRC) within one year after the alleged discriminatory practice(s) or act(s) of discriminatory harassment, under § 8-109(a) of Article 8 the New York

86.  The New York City Human Rights Commission did not acquire jurisdiction over any claims by plaintiff.

87.  The Court is thus likewise divested of jurisdiction over any claims by plaintiff under Article 8 of the New York City

Administrative Code (New York City Human Rights Law).

## TWELFTH AFFIRMATIVE DEFENSE

88.  Upon information and belief, prior to commencing this action, which contains purported claims under the New York City Human Rights Law, plaintiff failed to serve a copy of he complaint on the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, as required by New York City Administrative Code § 8-502(c).

89.  By reason of plaintiff's failure to comply with this statutory prerequisite, plaintiff is barred from bringing such claims in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

90.  Upon information and belief, plaintiff did not file a complaint with the New York City Human Rights Commission within one year after the alleged discriminatory practice(s) or act(s) of discriminatory harassment, under § 8-109(a) of Article 8 the New York City Administrative Code (New York City Human Rights Law).

91.  The New York City Human Rights Commission did not acquire jurisdiction over any claims by plaintiff.

92.  The court is thus likewise divested of jurisdiction over any claims by plaintiff under Article 8 of the New York City

Administrative Code (New York City Human Rights Law).

### FOURTEENTH AFFIRMATIVE DEFENSE

93. Individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-19 (2d Cir. 1995).

### FIFTEENTH AFFIRMATIVE DEFENSE

94. Nor may individual defendants be sued in their personal capacities under the New York State Human Rights Law, N.Y. Exec. Law. art. 15. *Id.* (except in cases of sexual harassment).

### SIXTEENTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims under Article 8 of the New York City Administrative Code (New York City Human Rights Law) are barred by primary agency jurisdiction.

### SEVENTEENTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims under Article 8 of the New York City Administrative Code (New York City Human Rights Law) are barred by plaintiff's failure to exhaust administrative remedies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

97. The individual defendants are not "employers" within

the meaning N.Y. Exec. Law § 296(1) and not individually subject to suit under the New York State Human Rights Law, N.Y. Exec. Law art. 15.

### NINETEENTH AFFIRMATIVE DEFENSE

98. The individual defendants do not have any ownership interest in defendant Bergdorf Goodman, Inc. nor power to do more than carry out personnel decisions by others.

### TWENTIETH AFFIRMATIVE DEFENSE

99. The individual defendants did not aid, abet, incite, compel or coerce any act forbidden under N.Y. Exec. Law art. 15, nor actually participate in any such conduct (the existence of which is denied).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

100. Defendant Bergdorf Goodman, Inc. did not acquiesce in any discriminatory conduct (the existence of which is denied) nor condone same.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

101. Plaintiff's claims for damages are to be reduced by income and other benefits he has received from collateral sources and by any new employment.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

102. To the extent plaintiff alleges that he was wrongfully discharged (which is denied), plaintiff was required to use reasonable diligence in finding other suitable employment, which need not be comparable to his previous position(s).

103. Upon information and belief, plaintiff made no reasonable efforts to seek such employment and mitigate any damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

104. The complaint is improperly pleaded, in violation of Fed. R. Civ. P. 8 and 10(b).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

105. The court does not have jurisdiction under Title VII/ADEA to hear claims not alleged in plaintiff's EEOC charge or not reasonably related to such charge.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

106. Defendants did not engage in any acts or practices (and specifically deny that engaged in any discriminatory practice or discriminatory practices) with malice or with reckless indifference to the federally protected rights of plaintiff.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE/CLAIM FOR ATTORNEY'S FEES**

107.   This, in part, is an action under Subchapter VI (42 U.S.C. § 2000e-5) Title VII, United States Code.

108.   To the extent defendants or any of them is a "prevailing party" in this action, the Court, in its discretion, may allow such defendant(s) a reasonable attorney's fee (including expert fees) as part of the costs against plaintiff, pursuant to 42 U.S.C. § 2000e-5(k).

109.   Each of the defendants seeks reasonable attorney's fees (including expert fees) as part of their costs against plaintiff, pursuant to 42 U.S.C. § 2000e-5(k).

110.   This, in part, is an action to enforce a provision of section 1981 of Title 42, United States Code.

111.    To the extent defendants or any of them is a "prevailing party" in this action, the Court, in its discretion, may allow such defendant(s) a reasonable attorney's fee (including expert fees) as part of the costs against plaintiff, pursuant to 42 U.S.C. § 1988 (b) and (c).

112.   Each of the defendants seeks reasonable attorney's fees (including expert fees) as part of their costs against plaintiff, pursuant to 42 U.S.C. § 1988 (b) and (c).

113.   Defendants claim attorneys' fees under any other

applicable statute.

114.  Defendants also claim excess costs, expenses, and attorneys' fees against plaintiff's attorney pursuant to 28 U.S.C. § 1927.

**Demand for Judgment:**  Defendants Nelson Luriano, Margaret Spaniolo, Maria Loccisano and Bergdorf Goodman, Inc. demand judgment in their favor and against plaintiff Frank A. Cretella dismissing the complaint with prejudice, together with interest, costs (including reasonable attorney's fees and expert fees pursuant to 42 U.S.C. § 2000e-5(k)) and disbursements, reasonable attorney's fees (including expert fees) as part of their costs against plaintiff, pursuant to 42 U.S.C. § 1988 (b) and (c), attorneys' fees under any other applicable statute or rule and  excess costs, expenses, and attorneys' fees against plaintiff's attorney pursuant to 28 U.S.C. § 1927, together with such other and further relief as the Court deems just and equitable.

Dated:  New York, New York
        April 16, 2008

_____
**ANDREW P. SAULITIS (AS8047)**
**LAW OFFICES OF**
**ANDREW P. SAULITIS P.C.**
Attorneys for Defendants
  Nelson Luriano, Margaret
  Spaniolo, Maria Loccisano and
Bergdorf Goodman, Inc.,
555 Madison Avenue
New York, New York 10022-3301
(212) 459-0900

-24-

TO:

**DA'TEKENA ADOKIYE BARANGO-TARIAH, ESQ.**
Attorney for Plaintiff
  Frank A. Cretella
25 Bond Street
Brooklyn, New York 11201
Tel.: (718) 625-4200
Fax:  (718) 625-2586
Email:  tekenabarango@hotmail.com