UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| FRANK CRETELLA, | Civil Action No.: 08 CV 1566(LTS) |
|       Plaintiff, | |
|       v. | PRELIMINARY PRE-TRIAL STATEMENT |
| NELSON LURIANO, individually and as Manager, MARGARET SPANIOLO, individually and as General Manager, MARIA LOCISANO, individually, and as Senior Personnel Employee, and BERGDORF GOODMAN, INC. | |
|       Defendants. | |

_____

a.  <u>Nature of Action</u>

This is an action where plaintiff alleges that his rights were violated under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e et seq. (hereinafter referred to as "Title VII"), 42 U.S.C. Section 1981 (hereinafter referred to as "Section 1981", 42 U.S.C. Section 1988, Age Discrimination in Employment Act of 1967, 29 U.S.C. Sections 623 (hereinafter referred to as "ADEA"), and 626(b), Civil Rights Act of 1991, New York State Executive Law Section 296, Administrative Code of the City of New York Sections 8-107 et. Seq., and Unpaid Compensation. Plaintiff's causes of action are for discrimination on the basis of race, age, and retaliation, in the terms, conditions, and privileges of employment, and for Unpaid Compensation.

b.  <u>Plaintiff's position as to Jurisdictional Basis</u>

The jurisdiction of the Court is invoked pursuant to Title VII, U.S.C Sections 1331, 1343(3) & (4), 42 U.S.C. Sections 2000e-5(f)(3), ADEA, 29 U.S.C. Sections 623 and 626, Section 1981, and 42 U.S.C. Section 1988, as this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution. This Court's pendent jurisdiction is also invoked pursuant to 15 U.S.C Section 1121.

The unlawful employment practices alleged were committed in whole or in part in the Southern District of New York.

      Defendants' position as to Jurisdictional Basis

c.    Statement of Uncontested or Admitted Facts

1. Plaintiff is a white male, and is 40 years of age or older;
2. Plaintiff was employed by defendant Bergdorf Goodman, Inc. ("Bergdorf") in the Southern District of New York, on or about September 15, 2003;
3. Plaintiff's employment with defendant Bergdorf was terminated by defendant Bergdorf on or about December 7, 2006;
4. A Charge of Discrimination No. 520-2007-00116 was filed with the New York District Office of the U.S. Equal Employment Opportunity Commission;
5. Defendant Bergdorf employs more than 800 employees;
6. Defendant Nelson Luriano ("Luriano") is an adult male employed by defendant Bergdorf;
7. Defendant Margaret Spaniolo ("Spaniolo") is an adult female employed by defendant Bergdorf;
8. Defendant Maria Loc[c]isano ("Loc[c]isano") is an adult female employed by defendant Bergdorf.

d.    Statement of Uncontested Legal Issues

e.    Statement of Legal Issues to be decided by the Court

      Whether defendants violated plaintiff's rights under Title VII, Section 1981, ADEA"), New York State Executive Law Section 296, and Administrative Code of the City of New York Sections 8-107 et. Seq., and whether defendant Bergdorf is in breach of the law against unpaid compensation.

f.    Plaintiff's Statements of Material Disputed Facts

1. Plaintiff has complied with all the procedural prerequisites required by law prior to initiating this action;
2. Plaintiff timely filed the Charge with the New York District Office of the U.S. Equal Employment Opportunity Commission;

3. The Complaint is not barred by Statute of Limitations;
4. As a Manager, defendant Luriano had the power to make personnel decisions regarding Plaintiff's employment;
5. Defendant Luriano is an employer within the meaning of Title VII, ADEA, Section 1981, New York State Executive Law Section 296, and the Administrative Code of the City of New York Sections 8-107 et. Seq.;
6. Defendant Spaniolo is an adult Hispanic female;
7. Defendant Spaniolo is an employer within the meaning of Title VII, ADEA, Section 1981, New York State Executive Law Section 296, and the Administrative Code of the City of New York Sections 8-107 et. Seq.;
8. As a Manager, defendant Spaniolo had the power to make personnel decisions regarding Plaintiff's employment;
9. Defendant Loccisano is an adult Hispanic female;
10. Defendant Loccisano is an employer within the meaning of Title VII, ADEA, Section 1981, New York State Executive Law Section 296, and the Administrative Code of the City of New York Sections 8-107 et. Seq.;
11. As a Senior Personnel Employee, defendant Loccisano had the power to make personnel decisions regarding Plaintiff's employment;
12. Plaintiff was interviewed by defendant Luriano, and Plaintiff was subsequently hired by defendant Loccisano after series of telephone conversations with defendant Loccisano;
13. Defendant Luriano was Plaintiff's immediate supervisor;
14. Defendant Spaniolo had successively higher authority over the Plaintiff;
15. Defendant Loccisano had successively higher authority over the Plaintiff;
16. Defendants Luriano, Spaniola, Loccisano, and another manager Darlene Rodriguez harassed the Plaintiff constantly and almost daily, on the basis of his race. Said harassment was not welcomed by the Plaintiff;
17. Defendants Spaniola, and Loccisano, and Darlene Rodriguez joined and supported Defendant Luriano in subjecting the Plaintiff to a hostile work environment on the basis of his race;
18. Throughout Plaintiff's employment with Defendant Bergdorf, defendant Luriano constantly berated the Plaintiff for acts, such as selling on a different floor from where Plaintiff was employed to sell, that he would encourage and praise when done by Hispanic employees;
19. Plaintiff's work performance was very good, and he had received selling awards for his great performance, he had been denied timely evaluations, and when he had been evaluated, he had been denied copies of his evaluations;
20. During Plaintiff's employment with defendant Bergdorf, defendants Luriano and Loccisano hired mostly only young Hispanic staff, and fired or constructively fired older non Hispanic staff;
21. Defendant Luriano promoted less experienced young Hispanic employees, with less performance ratings over the plaintiff;
22. In September 2005, although Plaintiff had an exceptional sales year, defendant Luriano made up bogus criticisms about plaintiff's upkeep of plaintiff's work area, and an alleged lack of teamwork criticism to

3

discredit plaintiff's excellent performance, and issued Plaintiff with a 30-day preliminary notice of termination;

30. Plaintiff complained about the hostile work environment that he had been experiencing, and nothing was done about his complaint by defendant Bergdorf;
31. In September 2006, defendant Luriano made up bogus claims of an alleged unsatisfactory work performance against the plaintiff in his evaluation, and again, with defendant Spaniola, issued plaintiff with another 30- day preliminary notice of termination;
32. At a meeting in which plaintiff was told about the September 2006 notice of termination, the supervisors who sat with the plaintiff told him that he had accomplished a great sales year, and that the notice had nothing to do with his performance;
33. On two occasions, in the summer of 2005, defendant Loccisano had threaten to terminate my employment with defendant Bergdorf because plaintiff reported to her acts of verbal and physical abuses against me by co-workers at defendant Bergdorf;
34. Throughout Plaintiff's employment with defendant Bergdorf, plaintiff was made by management to work for extended hours before and after his scheduled shifts without compensation;
35. Plaintiff has a right to be paid for the work he did during the extended hours that he had worked;
36. Defendant Bergdorf did not pay plaintiff for the work he did during the extended hours;
37. On December 7, 2006, plaintiff was terminated by defendant Bergdorf because he filed a charge on October 10, 2006 against the defendants with the EEOC;
38. Defendant Bergdorf was aware of the alleged discrimination and the subjecting of the plaintiff to a hostile work environment on account of his race, inter alia, when the highest ranked officer at defendant Bergdorf's store, Bill Brobson, had signed off a negative evaluation against the plaintiff that had been presented by defendant Luriano, Bill Brobson had refused to speak to the plaintiff about the alleged discrimination and harassment against the plaintiff;
39. Defendant Bergdorf practice of "selling cost per hour" discriminates against older employees like the Plaintiff as the times that they take off on vacation is computed against them to lower their hourly selling averages, and younger employees did not have as much vacation time to take; and
40. By acting as described, defendants acted with malice or with reckless disregard for plaintiff's rights, causing plaintiff mental anguish, humiliation, emotional distress, and loss of enjoyment of life.

Defendants' Statements of Material Disputed Facts

4

g. <u>Legal Basis for each Cause of Action</u>

| | |
|---|---|
| First Cause of Action: | Violation of plaintiff's rights under 42 U.S.C.A Section 1981 by discriminating against him on the basis of his race. <u>Saint Francis College v. Al-Khazraji</u>, 481 U.S. 604 (1987). |
| Second Cause of Action: | Violation of plaintiff's rights under 42 U.S.C.A Section 1981 by subjecting him to a hostile work environment on the basis of his race. 42 U.S.C.A Section 1981(b). |
| Third Cause of Action: | Violation of plaintiff's rights under 42 U.S.C.A Section 1981 by discriminating against him on the basis of retaliation. 42 U.S.C.A Section 1981(b). |
| Fourth Cause of Action: | Violation of plaintiff's rights under Title VII by discriminating against him on the basis of his race. |
| Fifth Cause of Action: | Violation of plaintiff's rights under Title VII by subjecting him to a hostile work environment on the basis of his race. |
| Sixth Cause of Action: | Violation of plaintiff's rights under Title VII by discriminating against him on the basis of retaliation. <u>Sumner v. United States Postal Serv.</u> 899 F.2d 203, 209 (2nd Cir. 1990). |
| Seventh Cause of Action: | Violation of plaintiff's rights under ADEA by discriminating against him under a disparate treatment theory on the basis of his age. |
| Eighth Cause of Action: | Violation of plaintiff's rights under ADEA by discriminating against him under a disparate impact theory on the basis of his age. <u>Smith v. City of Jackson</u>, 544 U.S. 288, 232, 125 S.Ct. 1536, 1540 (2005) |
| Ninth Cause of Action: | Violation of plaintiff's rights under ADEA by discriminating against him on the basis of retaliation. |
| Tenth Cause of Action: | Violation of plaintiff's rights under New York State Executive Law Section 296 by subjecting him to a hostile work environment on the basis of his race. |

| | |
|---|---|
| Eleventh Cause of Action: | Violation of plaintiff's rights under Administrative Code of the City of New York Sections 8-107.1 et. seq. by subjecting him to a hostile work environment on the basis of his race. |
| Twelfth Cause of Action: | Violation of plaintiff's rights under New York State Executive Law Section 296 by subjecting him to disparate treatment discrimination on the basis of his race. |
| Thirteenth Cause of Action: | Violation of plaintiff's rights under Administrative Code of the City of New York Sections 8-107.1 et. seq. by subjecting him to disparate treatment discrimination on the basis of his race. |
| Fourteenth Cause of Action: | Violation of plaintiff's rights under New York State Executive Law Section 296 by subjecting him to disparate impact discrimination on the basis of his age. |
| Fifteenth Cause of Action: | Violation of plaintiff's rights under Administrative Code of the City of New York Sections 8-107.1 et. seq. by subjecting him to disparate impact discrimination on the basis of his age. |
| Sixteenth Cause of Action: | Violation of plaintiff's rights under New York State Executive Law Section 296 by discriminating against him on the basis of retaliation. |
| Seventeenth Cause of Action: | Violation of plaintiff's rights under Administrative Code of the City of New York Sections 8-107.1 et. seq. by discriminating against him on the basis of retaliation. |
| Eighteenth Cause of Action: | Unpaid Compensation. Labor law Sections 198 (1-a), (198-c). |

h.   <u>Legal Basis for each Defenses</u>

i.  Measure of Proof and on whom burden falls

For the First to the Ninth Causes of Action, the <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817 (1973) burden shifting test of proof will apply.

For the Tenth to the Eighteenth Causes of Action, the burden of proof falls on the plaintiff.

j.  Amendments to pleadings

Plaintiff intends to amend paragraph 29 of the Complaint to the extent that that paragraph contains typographical errors. The proposed deadline is May 30, 2008.

k.  Consent to transfer to a Magistrate Judge

The Parties do not consent to transfer the case to a Magistrate Judge.

l.  Rule 26 (a) disclosures

Rule 26(a) disclosures have not been made. The disclosures will be made on or before June 13, 2008.

m.  Subjects on which disclosure may be needed

Disclosure will be needed regarding inter alia plaintiff's performance evaluations, plaintiff's employee files, similarly situated employee's files, defendants' employee files, statements of present and former employees, and communication between employees. The proposed discovery cut-off date is October 3, 2008.

n.  Expert Discovery

Expert evidence will e required as to plaintiff's alleged emotional distress. The proposed deadline for expert discovery is October 31, 2008.

o.  Other Limitations of the FRCP or Local Rules to be imposed

p.  Settlement discussions

The parties have had limited settlement discussions. The is no prospect of settlement at this time.

q.  Plaintiff's Statement of Trial With or Without Jury

Plaintiff demands a jury trial. Plaintiff expects that 2 days would be needed for plaintiff's case.

r.   <u>Orders to be entered by the Court under Fed. R. Civ. P. 26(c) or 16(b) and (c)</u>

Dated: Brooklyn, New York
       May 9, 2008

Respectfully Submitted,

_____
Da'Tekena Barango-Tariah, Esq.
(DB 5592)
Attorney for Plaintiff


_____
Andrew P. Saulitis, Esq.
(AS 8047)
Attorney for Defendants

8