**DA'TEKENA ADOKIYE BARANGO-
  TARIAH, ESQ. (DB5592)**
Attorney for Plaintiff
  Frank Cretella
25 Bond Street
Brooklyn, New York 11201
(718) 625-4200

**ANDREW P. SAULITIS (AS8047)
LAW OFFICES OF
ANDREW P. SAULITIS P.C.**
Attorneys for Defendants
  Nelson Luriano, Margaret
  Spaniolo, Maria Loccisano
  and Bergdorf Goodman, Inc.
555 Madison Avenue
New York, New York 10022-3301
(212) 459-0900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

**FRANK CRETELLA,**

                    Plaintiff,

          -against-

                                        08 CV 1566 (LTS)

**NELSON LURIANO,
MARGARET SPANIOLO,
MARIA LOCISANO** and
**BERGDORF GOODMAN, INC.,**

                    Defendants.

------------------------------------x

<u>**PRELIMINARY PRE-TRIAL STATEMENT**</u>

          Pursuant to Fed. R. Civ. P. 26(f) and the Court's Initial

Conference Order dated February 25, 2008, and counsel for all

parties having conferred, file the following preliminary pre-

trial statement in accordance with Item 4 of the Initial

Conference Order:

a.  A concise statement of the nature of the action:

This is an action where plaintiff alleges that his rights were violated under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e et seq. (hereinafter referred to as "Title VII"), 42 U.S.C. Section 1981 (hereinafter referred to as "Section 1981"), 42 U.S.C. Section 1988, Age Discrimination in Employment Act of 1967, 29 U.S.C. Sections 623 (hereinafter referred to as "ADEA"), and 626(b), Civil Rights Act of 1991, New York State Executive Law Section 296, Administrative Code of the City of New York Sections 8-107 et seq., and Unpaid Compensation. Plaintiff's causes of action are for discrimination on the basis of race, age, and retaliation, in the terms, conditions, and privileges of employment, and for Unpaid Compensation.

Defendants categorically deny any discrimination against plaintiff, a white male who was 52-55 years old, in his employment as a Sales Associate at Bergdorf Goodman's Men's Store.  Plaintiff's employment was terminated because, despite multiple negative annual reviews and "Preliminary" warnings over two years and a "Final Warning" given October 19, 2006, he continued in his failure to perform satisfactorily in multiple categories of performance criteria.  These included "Teamwork/ Operational" (failure to assist colleagues to ensure the entire sales floor was clean before leaving for the day; failure to maintain daily stock assignments); "Interpersonal/

-2-

Professionalism" (exhibiting negative attitude and failure to foster teamwork on selling floor); and "Client Development" (failure to comply with Bergdorf Goodman correspondence policy to clients, persistent failure to send personalized, handwritten "thank you" cards to clients as required, instead sending pro forma and photocopied cards en masse; failure to obtain contact information from clients). Plaintiff focused only on maximizing his personal sales volume, which was only a part of the responsibilities of his position. Discrimination had nothing to do with this.

As for plaintiff's claim for "unpaid compensation," he was required to "punch a clock," or otherwise register his time worked. He was fully paid for all time thus recorded, plus commissions.

b. A concise statement of each party's position as to the basis of the Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount:

Plaintiff: The jurisdiction of the Court is invoked pursuant to Title VII, U.S.C Sections 1331, 1343(3) & (4), 42 U.S.C. Sections 2000e-5(f)(3), ADEA, 29 U.S.C. Sections 623 and 626, Section 1981, and 42 U.S.C. Section 1988, as this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution. This Court's

-3-

pendent jurisdiction is also invoked pursuant to 15 U.S.C Section 1121.

Defendants:  The Court has jurisdiction of plaintiff's federal claims pursuant to 28 U.S.C. § 1331, among other provisions, and supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

c.  A concise statement as to all material uncontested or admitted facts:

1.  Plaintiff, Frank A. Cretella, was employed by defendant Bergdorf Goodman, Inc. from September 15, 2003 through December 7, 2006 as a Sales Associate at the Bergdorf Goodman Men's Store, primarily in men's furnishings.

2.  Plaintiff is a white male.  His date of birth is November 17, 1951.  (He was 52-55 years old during his employment.)

3.  Defendant Bergdorf Goodman, Inc. is a corporation incorporated under the laws of the State of New York and conducts business at 745 and 754 Fifth Avenue, New York, New York.  At 745 Fifth Avenue, Bergdorf Goodman operates a Men's Store, where plaintiff was employed.

4.  Defendant Nelson Luriano is an adult Hispanic male employed by defendant Bergdorf Goodman, Inc.  He was a Department

-4-

Manager, First Floor, of its Men's Store until February 2004.  He was a Group Manager, Second Floor for the Men's Store until November 2006.  Since then he has been a Director of the Men's Store.

5.  Nelson Luriano was plaintiff's direct supervisor until February 2004.

6.  Defendant Margaret Spaniolo is an adult white (not Hispanic) female employed by defendant Bergdorf Goodman, Inc. She is a Senior Vice President and General Merchandise Manager. Until June 2006 she was the General Manager of the Men's Store.

7.  Defendant Maria Loccisano is an adult white (not Hispanic) female employed by defendant Bergdorf Goodman, Inc. as a Human Resources Manager.

8.  Each year during his employment, generally in August-September, plaintiff an annual review of his performance, which was presented in writing by a manager.

9.  On June 5, 2005, plaintiff was issued a "Preliminary Warning" based on his failure to meet various performance standards for "Clientele Standards, Thank You Card, Floor Maintenance" for the period August 2004 through May 2005, which plaintiff signed and acknowledged.

10.  On September 5, 2005, plaintiff was issued a

"PRELIMINARY WARNING" based on his failure to meet various performance standards for his 2005 review period.

11.   On September 16, 2006, plaintiff was issued a "PRELIMINARY WARNING" based on his failure to meet various performance standards for his 2006 review period.

12.   On October 19, 2006, plaintiff was issued a "FINAL WARNING" based on his failure to achieve objectives noted in the September 16, 2006 preliminary warning.

13.   Plaintiff's employment was terminated on or about December 7, 2006.

d.   A concise statement of all uncontested legal issues:

1.   Bergdorf Goodman Inc. was plaintiff's "employer" for purposes of the statutes under which plaintiff's claims are brought.

2.   The adverse employment action from which this case arises is the termination of plaintiff's employment on December 7, 2006.

e.   A concise statement of all legal issues to be decided by the Court:

Plaintiff:

1.   Whether defendants violated plaintiff's rights

under Title VII, Section 1981, "ADEA"), New York State Executive Law Section 296, and Administrative Code of the City of New York Sections 8-107 et. Seq., and whether defendant Bergdorf is in breach of the law against unpaid compensation.

Defendants:

1.  Can plaintiff prove that the legitimate, nondiscriminatory reasons articulated by Bergdorf Goodman for his termination (see Answer ¶ 70 (a)-(d)) are pretexts to hide discrimination?

2.  Can plaintiff show with sufficient evidence that his race (White) or his age (55) were factors in the termination of his employment from Bergdorf Goodman, Inc.?

3.  Are claims arising from acts prior to January 22, 2006 time-barred under 42 U.S.C. § 2000e-5(e)(1) (Title VII) and under 29 U.S.C. § 626(d) (ADEA)?

4.  Are claims against the individual defendants time-barred under 42 U.S.C. § 2000e-5(e)(1)?

5.  Are claims for emotional distress time-barred under N.Y. Civ. Prac. L. & R. § 215?

6.  Since plaintiff did not file any charge of discrimination against any of the individual defendants with the EEOC or any other agency, is plaintiff therefore barred from

-7-

bringing any claims under Title VII/ADEA against the individual defendants?

7.  Since plaintiff did not file a complaint with the New York City Human Rights Commission (NYCHRC) within one year after the alleged discriminatory practice(s) or act(s) of discriminatory harassment, under § 8-109(a) of Article 8 the New York, and since the New York City Human Rights Commission thereby did not acquire jurisdiction over any claims by plaintiff, is the Court is thus likewise divested of jurisdiction over any claims by plaintiff under Article 8 of the New York City Administrative Code (New York City Human Rights Law)?

8.  Does plaintiff's failure to comply with New York City Administrative Code § 8-502(c), which required plaintiff to serve a copy of he complaint on the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, bar him from bringing such claims in this action?

9.  Does plaintiff's failure to file a complaint with the New York City Human Rights Commission within one year after the alleged discriminatory practice(s) or act(s) of discriminatory harassment, under § 8-109(a) of Article 8 the New York City Administrative Code (New York City Human Rights Law), bar him from making any claims under Article 8 of the New York City Administrative Code (New York City Human Rights Law)?

10.   May individual defendants with supervisory control over plaintiff be held personally liable under Title VII or under the New York State Human Rights Law, N.Y. Exec. Law. art. 15 (*see Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-19 (2d Cir. 1995))?

11.   Are the individual defendants, who are not "employers" within the meaning N.Y. Exec. Law § 296(1), subject to suit under the New York State Human Rights Law, N.Y. Exec. Law art. 15?

12.   Are plaintiff's claims under Article 8 of the New York City Administrative Code (New York City Human Rights Law) barred by his failure to exhaust administrative remedies?

13.   Are plaintiff's claims for damages subject to be reduction by income and other benefits he has received from collateral sources and by any new employment, or on account of his failure to mitigate damages?

14.   Are the defendants entitled to recover an allowance of their reasonable attorney's fees (including expert fees) as part of the costs against plaintiff, pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988 (b) and (c)?

15.   Are defendants entitled to excess costs, expenses, and attorneys' fees against plaintiff's attorney pursuant to 28 U.S.C. § 1927?

f.    Each party's statement of material disputed facts:

Plaintiff:

1.    Plaintiff has complied with all the procedural prerequisites required by law prior to initiating this action;

2.    Plaintiff timely filed the Charge with the New York District Office of the U.S. Equal Employment Opportunity Commission;

3.    The Complaint is not barred by Statute of Limitations;

4.    As a Manager, defendant Luriano had the power to make personnel decisions regarding Plaintiff's employment;

5.    Defendant Luriano is an employer within the meaning of Title VII, ADEA, Section 1981, New York State Executive Law Section 296, and the Administrative Code of the City of New York Sections 8-107 et. Seq.;

6.    Defendant Spaniolo is an adult Hispanic female;

7.    Defendant Spaniolo is an employer within the meaning of Title VII, ADEA, Section 1981, New York State Executive Law Section 296, and the Administrative Code of the City of New York Sections 8-107 et. Seq.;

8.    As a Manager, defendant Spaniolo had the power to

-10-

make personnel decisions regarding Plaintiff's employment;

9.   Defendant Loccisano is an adult Hispanic female;

10.   Defendant Loccisano is an employer within the meaning of Title VII, ADEA, Section 1981, New York State Executive Law Section 296, and the Administrative Code of the City of New York Sections 8-107 et. Seq.;

11.   As a Senior Personnel Employee, defendant Loccisano had the power to make personnel decisions regarding Plaintiff's employment;

12.   Plaintiff was interviewed by defendant Luriano, and Plaintiff was subsequently hired by defendant Loccisano after series of telephone conversations with defendant Loccisano;

13.   Defendant Luriano was Plaintiff's immediate supervisor;

14.   Defendant Spaniolo had successively higher authority over the Plaintiff;

15.   Defendant Loccisano had successively higher authority over the Plaintiff;

16.   Defendants Luriano, Spaniola, Loccisano, and another manager Darlene Rodriguez harassed the Plaintiff constantly and almost daily, on the basis of his race.  Said

harassment was not welcomed by the Plaintiff;

17.   Defendants Spaniola, and Loccisano, and Darlene Rodriguez joined and supported Defendant Luriano in subjecting the Plaintiff to a hostile work environment on the basis of his race;

18.   Throughout Plaintiff's employment with Defendant Bergdorf, defendant Luriano constantly berated the Plaintiff for acts, such as selling on a different floor from where Plaintiff was employed to sell, that he would encourage and praise when done by Hispanic employees;

19.   Plaintiff's work performance was very good, and he had received selling awards for his great performance, he had been denied timely evaluations, and when he had been evaluated, he had been denied copies of his evaluations;

20.   During Plaintiff's employment with defendant Bergdorf, defendants Luriano and Loccisano hired mostly only young Hispanic staff, and fired or constructively fired older non Hispanic staff;

21.   Defendant Luriano promoted less experienced young Hispanic employees, with less performance ratings over the plaintiff;

22.   In September 2005, although Plaintiff had an

exceptional sales year, defendant Luriano made up bogus criticisms about plaintiff's upkeep of plaintiff's work area, and an alleged lack of teamwork criticism to discredit plaintiff's excellent performance, and issued Plaintiff with a 30-day preliminary notice of termination;

23.  Plaintiff complained about the hostile work environment that he had been experiencing, and nothing was done about his complaint by defendant Bergdorf;

24.  In September 2006, defendant Luriano made up bogus claims of an alleged unsatisfactory work performance against the plaintiff in his evaluation, and again, with defendant Spaniola, issued plaintiff with another 30-day preliminary notice of termination;

25.  At a meeting in which plaintiff was told about the September 2006 notice of termination, the supervisors who sat with the plaintiff told him that he had accomplished a great sales year, and that the notice had nothing to do with his performance;

26.  On two occasions, in the summer of 2005, defendant Loccisano had threaten to terminate my employment with defendant Bergdorf because plaintiff reported to her acts of verbal and physical abuses against me by co-workers at defendant Bergdorf;

-13-

27.  Throughout Plaintiff's employment with defendant Bergdorf, plaintiff was made by management to work for extended hours before and after his scheduled shifts without compensation;

28.  Plaintiff has a right to be paid for the work he did during the extended hours that he had worked;

29.  Defendant Bergdorf did not pay plaintiff for the work he did during the extended hours;

30.  On December 7, 2006, plaintiff was terminated by defendant Bergdorf because he filed a charge on October 10, 2006 against the defendants with the EEOC;

31.  Defendant Bergdorf was aware of the alleged discrimination and the subjecting of the plaintiff to a hostile work environment on account of his race, inter alia, when the highest ranked officer at defendant Bergdorf's store, Bill Brobson, had signed off a negative evaluation against the plaintiff that had been presented by defendant Luriano, Bill Brobson had refused to speak to the plaintiff about the alleged discrimination and harassment against the plaintiff;

32.  Defendant Bergdorf practice of "selling cost per hour" discriminates against older employees like the Plaintiff as the times that they take off on vacation is computed against them to lower their hourly selling averages, and younger employees did not have as much vacation time to take; and By acting as

described, defendants acted with malice or with reckless disregard for plaintiff's rights, causing plaintiff mental anguish, humiliation, emotional distress, and loss of enjoyment of life.

Defendants:

1.  Did defendant Bergdorf Goodman, Inc. have legitimate non-discriminatory reasons for termination of plaintiff's employment?

2.  Was plaintiff paid for all hours for which he registered in the course of his employment?

3.  Were plaintiff's negative annual reviews, multiple "Preliminary Warnings," "Final Warning" and substandard performance data pretextual?

4.  Did defendants commit any acts of discrimination that were substantial factors in the termination of plaintiff's employment?

5.  What role, if any, did defendant Nelson Luriano have in the termination of plaintiff's employment?

6.  What role, if any, did defendant Margaret Spaniolo have in the termination of plaintiff's employment?

7.  What role, if any, did defendant Maria Loccisano

have in the termination of plaintiff's employment?

    8.  Did plaintiff have a factual basis for his claims
of discrimination at the time this action was filed?

g.   A concise statement by each plaintiff and each
counterclaimant of the legal basis of each cause of action
asserted, including citations to all statutes, Federal Rules of
Civil Procedure, other rules and case law intended to be relied
upon by such plaintiff or counterclaimant:

    Plaintiff:

    1.  First Cause of Action:  Violation of plaintiff's
rights under 42 U.S.C.A. Section 1981 by discriminating against
him on the basis of his race.  *Saint Francis College v.
Al-Khazraji*, 481 U.S. 604 (1987).

    2.  Second Cause of Action: Violation of plaintiff's
rights under 42 U.S.C.A. Section 1981 by subjecting him to a
hostile work environment on the basis of his race.  42 U.S.C.A.
Section 1981(b).

    3.  Third Cause of Action: Violation of plaintiff's
rights under 42 U.S.C.A. Section 1981 by discriminating against
him on the basis of retaliation.  42 U.S.C.A Section 1981(b).

    4.  Fourth Cause of Action: Violation of plaintiff's
rights under Title VII by discriminating against him on the basis

-16-

of his race.

      5.  Fifth Cause of Action:  Violation of plaintiff's rights under Title VII by subjecting him to a hostile work environment on the basis of his race.

      6.  Sixth Cause of Action: Violation of plaintiff's rights under Title VII by discriminating against him on the basis of retaliation.  *Sumner v. United States Postal Serv.* 899 F.2d 203, 209 (2nd Cir. 1990).

      7.  Seventh Cause of Action: Violation of plaintiff's rights under ADEA by discriminating against him under a disparate treatment theory on the basis of his age.

      8.  Eighth Cause of Action:  Violation of plaintiff's rights under ADEA by discriminating against him under a disparate impact theory on the basis of his age.  *Smith v. City of Jackson*, 544 U.S. 288, 232, 125 S.Ct. 1536, 1540 (2005).

      9.  Ninth Cause of Action:  Violation of plaintiff's rights under ADEA by discriminating against him on the basis of retaliation.

      10.  Tenth Cause of Action:  Violation of plaintiff's rights under New York State Executive Law Section 296 by subjecting him to a hostile work environment on the basis of his race.

11.   Eleventh Cause of Action:  Violation of plaintiff's rights under Administrative Code of the City of New York Sections 8-107.1  et. seq. by subjecting him to a hostile work environment on the basis of his race.

12.   Twelfth Cause of Action:  Violation of plaintiff's rights under New York State Executive Law Section 296 by subjecting him to disparate treatment discrimination on the basis of his race.

13.   Thirteenth Cause of Action:  Violation of plaintiff's rights under Administrative Code of the City of New York Sections 8-107.1 et. seq. by subjecting him to disparate treatment discrimination on the basis of his race.

14.   Fourteenth Cause of Action:  Violation of plaintiff's rights under New York State Executive Law Section 296 by subjecting him to disparate impact discrimination on the basis of his age.

15.   Fifteenth Cause of Action:  Violation of plaintiff's rights under Administrative Code of the City of New York Sections 8-107.1 et. seq. by subjecting him to disparate impact discrimination on the basis of his age.

16.   Sixteenth Cause of Action:  Violation of plaintiff's rights under New York State Executive Law Section 296 by discriminating against him on the basis of retaliation.

-18-

17.  Seventeenth Cause of Action:  Violation of plaintiff's rights under Administrative Code of the City of New York Sections 8-107.1 et. seq. by discriminating against him on the basis of retaliation.

18.  Eighteenth Cause of Action:  Unpaid Compensation. Labor law Sections 198 (1-a), (198-c).

Defendants-counterclaimants:

This, in part, is an action under Subchapter VI (42 U.S.C. § 2000e-5) Title VII, United States Code, and to enforce a provision of section 1981 of Title 42, United States Code.  To the extent any of the defendants is a "prevailing party" in this action, the Court, in its discretion, may allow such defendant(s) a reasonable attorney's fee (including expert fees) as part of the costs against plaintiff, pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988 (b) and (c).  Defendants assert that plaintiff's claims in this action are frivolous.  Plaintiff's performance was consistently deficient in key areas throughout his employment, and was documented as such, ultimately resulting in his termination.  There is no evidence that plaintiff's race or age were substantial factors in his termination.  Indeed, supervisory persons whom plaintiff characterizes as Hispanic are actually of the same ethnicity as plaintiff.  Defendants also claim excess costs, expenses, and attorneys' fees against plaintiff's attorney pursuant to 28 U.S.C. § 1927.

-19-

h.   Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied upon by such party:

Defendants:

FIRST, SECOND AND THIRD AFFIRMATIVE DEFENSES:  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

FOURTH, FIFTH, SIXTH, SEVENTH AND EIGHTH AFFIRMATIVE DEFENSES: 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); N.Y. Civ. Prac. L. & R. § 215.

NINTH AFFIRMATIVE DEFENSE:  Requirement of exhaustion of administrative remedies.

ELEVENTH AFFIRMATIVE DEFENSE: N.Y.C. Admin. Code § 8-109(a).

TWELFTH AFFIRMATIVE DEFENSE:  N.Y.C. Admin. Code § 8-502(c).

THIRTEENTH AFFIRMATIVE DEFENSE:  N.Y.C. Admin. Code § 8-109(a).

FOURTEENTH AND FIFTEENTH AFFIRMATIVE DEFENSES:  *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-19 (2d Cir. 1995).

SIXTEENTH AND SEVENTEENTH AFFIRMATIVE DEFENSES: Exhaustion

doctrine; doctrine of primary agency jurisdiction.

EIGHTEENTH, NINETEENTH AND TWENTIETH AFFIRMATIVE DEFENSES:  N.Y.
Exec. Law § 296(1).

TWENTY-SECOND AND TWENTY-THIRD AFFIRMATIVE DEFENSES:  Doctrine of
mitigation.

TWENTY-FOURTH AFFIRMATIVE DEFENSE:  Fed. R. Civ. P. 8 and 10(b).

i.  A concise statement of the measure of proof on whom the
burden of proof falls as to each cause of action or defense:

       Plaintiff:  For the First to the Ninth Causes of
Action, the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.
Ct. 1817 (1973) burden shifting test of proof will apply.

     For the Tenth to the Eighteenth Causes of Action, the burden
of proof falls on the plaintiff.

       Defendants:   (1)  Plaintiff must establish a prima
facie case of discrimination; (2) defendants must then
articulate, through admissible evidence, a legitimate,
nondiscriminatory reason for the employer's actions; and (3) in
order to prevail, the plaintiff must prove that the employer's
stated reason is a pretext to hide discrimination.  *McDonnell
Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Department of
Community Affairs v. Burdine*, 450 U.S. 248 (1981); *St. Mary's
Honor Center v. Hicks*, 509 U.S. 502 (1993).

j.  Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor:

Plaintiff:  Plaintiff intends to amend paragraph 29 of the Complaint to the extent that that paragraph contains typographical errors.  The proposed deadline is May 30, 2008.

Defendants:  No amendments of responsive pleadings or addition or substitution of parties required at this time.

k.  A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented):  All parties do not consent to transfer of the case to a magistrate judge for all purposes at this time.

l.  What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required to be made under Fed. R. Civ. P. 26(a)(1) were made or will be made:

Plaintiff:  Rule 26(a) disclosures have not been made. The disclosures will be made on or before June 13, 2008.

Defendants:  No changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), and any disclosures required to be made under Fed. R. Civ. P.

-22-

26(a)(1) to be made within fourteen days from the date of the initial case management conference.

m.  The subjects on which disclosure may be needed and a proposed discovery cut-off date:

Plaintiff:  Disclosure will be needed regarding inter alia plaintiff's performance evaluations, plaintiff's employee files, similarly situated employee's files, defendants' employee files, statements of present and former employees, and communication between employees.  The proposed discovery cut-off date is October 3, 2008.

Defendants:  Defendants object to scope of plaintiff's proposed disclosure.  Subjects on which disclosure is needed by defendants:  Plaintiff's claimed basis for discrimination; claimed damages; mental examination pursuant to Fed. R. Civ. P. 35; mitigation; extent of pre-filing investigation; EEOC proceedings.  Proposed discovery cutoff:  October 3, 2008.

n.  Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery:

Plaintiff:  Expert evidence will be required as to plaintiff's alleged emotional distress.  The proposed deadline for expert discovery is October 31, 2008.

Defendants:  Same as plaintiff.

o.  What, if any, changes should be made in the limitations on
discovery imposed under the Federal Rules of Civil Procedure or
the Local Rules of court, and what other limitations should be
imposed:

　　　　Plaintiff: None.

　　　　Defendants:  Contention interrogatories to be served
prior to conclusion of discovery.  Number of interrogatories to
be increased due to number of claims (17).

p.  The status of settlement discussions and the prospects for
settlement of the action in whole or in part, provided that the
Preliminary Pre-Trial Statement shall not disclose to the Court
specific settlement offers or demands:

　　　　Plaintiff:  The parties have had limited settlement
discussions.  The is no prospect of settlement at this time.

　　　　Defendants:  Inasmuch as defendants view plaintiff's
claims to be completely without merit, and misguided, and
inasmuch as no probable cause has been found in EEOC proceedings,
settlement discussions involving any resolution other than
plaintiff's dismissing all claims with prejudice will not be
productive.

q.  A statement by each party as to whether the case is to be
tried with or without a jury, and the number of trial days

-24-

expected to be needed for presentation of that party's case:

        Plaintiff:  Plaintiff demands a jury trial.  Plaintiff expects that 2 days would be needed for plaintiff's case.

        Defendants:  Defendants anticipate one to two days to present its defense case.

r.  Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c):

        Plaintiff:

        Defendants:

Dated:  New York, New York
       May 12, 2008

       **DA'TEKENA ADOKIYE BARANGO-**
        **TARIAH, ESQ. (DB5592)**
       Attorney for Plaintiff
        Frank Cretella
       25 Bond Street
       Brooklyn, New York 11201
       Tel:  (718) 625-4200
       Fax:  (718) 625-2586
       Email:  tekenabarango@hotmail.com

       **ANDREW P. SAULITIS (AS8047)**
       **LAW OFFICES OF**
       **ANDREW P. SAULITIS P.C.**
       Attorneys for Defendants
        Nelson Luriano, Margaret
        Spaniolo, Maria Loccisano and
       Bergdorf Goodman, Inc.,
       555 Madison Avenue
       New York, New York 10022-3301
       Tel:  (212) 459-0900
       Fax:  (212) 459-1826

Email:   apslaw@msn.com